```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                      CHARLOTTE DIVISION
                       3:07CV196-MU-02
```

```
JULIAN PARAMORE,             )
     Plaintiff,              )
                             )
       v.                    )
                             )
M. DILLOW, Aramark Food      )
   Services Employee at     )
   the Mecklenburg County   )         O R D E R
   Jail;                    )
OFFICER Di PACE, Officer    )
   at the Mecklenburg       )
   County Jail (Central);   )
and                         )
MAJOR PEGAN, Facility       )
   Commander at the Meck-   )
   lenburg County Jail,     )
     Defendants.            )
_____)
```

**THIS MATTER** comes before the Court on defendant Dillow's "Motion For Extension Of Time" (document # 11), filed August 27, 2007; and on the plaintiff's "Motion For Appointment Of Counsel," his "Motion For Leave To File An Amended Complaint," and his "Declaration For Entry Of Default" (documents ## 12 through 14), all filed September 13, 2007.

According to the record, on May 10, 2007, the plaintiff filed a civil rights Complaint under 42 U.S.C. §1983, essentially complaining that his rights to eat a vegan vegetarian diet and to enjoy certain "religious practices" have been violated by the

above-named defendants.  After conducting an initial review of that Complaint, on July 30, the undersigned entered an Order directing the defendants to respond to the subject Complaint. Defendants DiPace and Pagan were served with process on August 9 and defendant Dillow was served with process on August 10, 2007.

However, on August 22, 2007, that is, before the date on which their responses were due, defendants Pagan and DiPace filed a joint "Motion . . . For Extension Of Time To Respond To Complaint" (document # 9).  On August 23, 2007, the Court entered an Order granting defendant Pagan and DiPace's Motion for Extension, extending their deadline for filing a response to the plaintiff's Complaint up to and including September 28, 2007.

Thereafter, on August 27, 2007, defendant Dillow filed his own Motion for Extension of Time.  By that Motion, defendant Dillow reports that he needs additional time in order to prepare his separate response to the plaintiff's allegations.  Like with the other defendants' Motion for Extension, the plaintiff has not opposed defendant Dillow's Motion.  Accordingly, the same will be granted.

Furthermore, the plaintiff's Motion for Leave to file an Amended Complaint will be granted.  In particular, the plaintiff's request that his Complaint be amended to reflect that he is suing defendant M. Dillow, not "M. Dillon" is granted.  The Clerk will be directed to amend the docket for this case to

reflect the correct name of that defendant.

However, the plaintiff's Motion for Appointment of Counsel and his request for Entry of Default are matters of a different sort. To be sure, the plaintiff filed his request for Entry of Default against defendant Dillow for Dillow's alleged failure to file a response to his Complaint. However, at the time that the plaintiff filed his request, Dillow already had timely filed a Motion for Extension with this Court. Inasmuch as the Court now has granted that Motion for Extension, the plaintiff's Declaration for Entry of Default must be <u>dismissed</u> as moot.

Last, with regard to the plaintiff's Motion for Appointment of Counsel, as this Court often explains to <u>pro-se</u> plaintiffs in civil rights proceedings such as these, the law is clear that there is no legal entitlement to the assistance of counsel in these cases. Rather, counsel can be appointed only when such cases involve "exceptional circumstances." <u>See</u> <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984). Indeed, this Court may seek the requested assistance from the bar only when it is apparent that the <u>pro se</u> litigant has a colorable claim and, due to its complexity, the litigant lacks the capacity to present that matter on his own. <u>Id</u>. <u>see also</u> <u>Gordon v. Leek</u>, 575 F.2d 1147 (4th Cir. 1978), <u>rev'd on other grounds</u>, <u>Mallard v. United States District Court</u>, 490 U.S. 296 (1989)

Here, notwithstanding the plaintiff's assertions to the

contrary, the Court finds that this is not an extraordinary case in which the plaintiff cannot reasonably be expected to represent himself. On the contrary, the plaintiff has done well enough to survive the Court's initial review for frivolity; he has adequately articulated the factual and legal background of his suit; and, by the instant Motion, it appears that he continues to have the capacity to represent himself. Hence, the plaintiff's Motion for Appointment of Counsel must be <u>denied</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED** to the extent that the Clerk is directed to **AMEND** the docket of this case to reflect the first named defendant as M. Dillow.

2. Defendant Dillow's Motion for Extension of Time (document # 11) is **GRANTED**. Like his co-defendants, defendant Dillow shall have up to and including September 28, 2007 in which to file his response to the plaintiff's Complaint.

3. The plaintiff's Motion for Appointment of Counsel is **DENIED**.

4. The plaintiff's Declaration for Entry of Default is **DISMISSED as moot**.

**SO ORDERED.**

Signed: September 14, 2007

Graham C. Mullen
United States District Judge