```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION
                    3:07CV196-MU-02
```

```
JULIAN PARAMORE,             )
     Plaintiff,               )
                              )
       v.                     )
                              )
M. DILLOW, Aramark Food       )
  Services Employee at        )
  the Mecklenburg County      )        O R D E R
  Jail;                       )
OFFICER Di PACE, Officer      )
  at the Mecklenburg          )
  County Jail (Central);      )
and                           )
MAJOR PEGAN, Facility         )
  Commander at the Meck-      )
  lenburg County Jail,        )
     Defendants.              )
_____)
```

**THIS MATTER** comes before the Court on its own motion. For the reasons stated herein, the plaintiff's Complaint will be dismissed as moot.

According to the record of this matter, the plaintiff filed a civil rights Complaint under 42 U.S.C. §1983 on May 10, 2007 (document # 1). By that Complaint, the plaintiff alleges that his rights to eat a vegan vegetarian diet and to enjoy certain "religious practices" were violated by the above-named defendants. By way of relief, the plaintiff asked the Court to enter an order, declaring that the defendants' practices violated his

constitutional rights and enjoining them from engaging in the practices with him in the future.

Furthermore, pertinent Court records, of which the undersign shall take judicial notice, reflect that at the time that he filed his action, the plaintiff was in the custody of the Mecklenburg County Jail based upon his status as a federal pre-trial detainee. However, the plaintiff's recent correspondence to the Court further reflects that he has been transferred to a facility in Ocilla, Georgia to await his final designation to a federal correctional facility. Presently, there are no such federal correctional facilities located within this judicial district, that is, within the Western District of North Carolina. Thus, it appears that this Court lacks authority to preside over the plaintiff's claim.

Indeed, it is well established that "[t]he exercise of judicial power under Art. III of the constitution depends on the existence of a case or controversy, and [therefore] a federal court lacks the power to render advisory opinions." <u>United States Nat'l Bank of Oregon v. Independent Ins. Agents of Am., Inc.</u>, 508 U.S. 439, 446 (1993), <u>citing</u> <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975) (internal quotation omitted). The question of whether jurisdiction is present may be raised either by the parties, or by the court on its own motion. <u>Insurance Cor. Of Ireland v. Compagnie de Bauxites de Guinee</u>, 456 U.S. 694, 701

(1982).  In any case, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Pineville Real Estate Operation Corp. v. Michael, 32 F.3d 88 (4th Cir. 1994), cert. denied, 513 U.S. 1127 (1995).

Critical to the instant action, a case becomes moot, thereby depriving the court of jurisdiction to entertain it, "when it has lost its character as a present, live controversy of the kind to avoid advisory opinions on abstract propositions of law." Maryland Highways Contractor Ass'n, Inc. v. Maryland, 933 F.2d 1246, 1249 (4th Cir.)(internal quotation omitted), cert. denied, 502 U.S. 939 (1991).  See also Powell v. McCormack, 395 U.S. 486 (1969).  Thus, in order for a federal court to maintain jurisdiction, "an actual controversy must be extant at all stages of review, not merely at the time the complaint was filed."  Arizonans for Official English v. Ariz., 520 U.S. 43, 67 (1997).

In the context of prisoner civil rights cases, the law establishes that complaints which seek declaratory and/or injunctive relief for matters relating to the conditions of the plaintiff's confinement, are rendered moot where the plaintiff/ inmate is transferred to the custody of another facility and there is no showing that he is likely to again face the subject condition at the same facility.  See, e.g., Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 249 (4th Cir. 2005)(portion of

3

civil rights complaint seeking injunctive relief for Jail's practice of charging detainee nominal fee housing fee rendered moot by detainee's release and absence of likelihood that he would be detained at the Jail in the future). See also Spencer v. Kemna, 523 U.S. 1 (1998) (challenge to parole revocation proceedings mooted by plaintiff's discharge from parole); Weinstein v. Bradford, 423 U.S. 147 (1975) (district court directed to dismiss complaint challenging North Carolina's parole practices because action was mooted by inmate's parole); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (inmate's claims for declaratory and injunctive relief in §1983 action challenging prison's population and sanitation mooted by his transfer to another facility); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) (same); and Garrett v. Angelone, 940 F.Supp. 933, 939 (W.D.Va. 1996) (dismissing §1983 claim for, among other reasons, mootness due to inmate's transfer to different facility).

Here, as was noted, the plaintiff has brought an action challenging certain conditions which he allegedly faced during his pre-trial detention at the Mecklenburg County Jail. However, since the time that the plaintiff filed this action, he has been transferred out of State to another facility, where he awaits his designation to a federal prison. Thus, even if the plaintiff were to get the relief he is seeking on his claim--a fact which is far from clear--such judgment would be tantamount to an

4

advisory opinion as the defendants no longer a the plaintiff's custodian.  Ultimately, therefore, it is clear to the Court that the plaintiff's allegations no longer present a live case or controversy over which this Court can preside.

Moreover, the plaintiff allegedly was exposed to the challenged conditions only by virtue of his pre-trial detention pending the resolution of his federal charges.  However, the Court assumes, indeed as it should, that upon his release from prison, the plaintiff will remain a law-abiding citizen. Spencer, 523 U.S. at 15.  Therefore, there simply is no basis for the Court to conclude that the plaintiff likely again will face the subject conditions at the hands of these defendants.  Accordingly, this action must be **DISMISSED** for the Court's lack of subject matter jurisdiction.

    **SO ORDERED.**

Signed: October 23, 2007

Graham C. Mullen
United States District Judge

5